FILED
SUPERIOR COURT
OF GUAM

2014 MAR -5 PM 2: 04

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM                )   CRIMINAL CASE NO. CM389-13
                              )
                              )   **DECISION AND ORDER**
                              )
              vs.             )   Defendant's Motion for Civil Compromise
                              )
                              )
JORGE J. BORJA LEON GUERRERO, )
                              )
              Defendant.      )

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on February 26, 2014 on Jorge J. Borja Leon Guerrero's ("Defendant") Motion for Civil Compromise. Assistant Public Defender Jocelyn M. Roden represented Defendant. Assistant Attorney General Jesse J.N. Nasis represented the People of Guam ("the People"). The parties submitted on their respective briefs and the Court took the matter under advisement. Upon review of the evidence, written arguments and legal authorities presented by the parties, the Court hereby issues this Decision and Order **GRANTING** Defendant's motion.

### BACKGROUND

Defendant was charged with Criminal Mischief (as a Misdemeanor) on April 26, 2013. It is alleged that on or about March 29, 2013, the Defendant damaged a 2012 black Kia Forte (GU LP# SR1809) belonging to the Victim. The incident arises out of an automobile sale. The Victim sold Defendant another vehicle, a Mercury Mystique. However, upon the Victim's attempt to switch off vehicles[1] through a third-party, Defendant "[hit] the right rear portion of

---
[1] Defendant was in possession of the Kia Forte on March 29, 2013 according to the Magistrate's Complaint.

**ORIGINAL**

the Kia Forte with his hands. The Defendant then braced himself against the wall and kicked the driver's side area of the Kia Forte with his feet. The Defendant then removed the contents of the center dashboard with force." *Complaint* (Apr. 26, 2013). The Victim and Defendant are siblings.

Defendant appeared for an arraignment on June 12, 2013 without counsel. Consequently, he was appointed Public Defender Service Corporation as counsel and arraignment was continued for June 19, 2013. On June 19, 2013, Defendant pled not guilty and waived his right to a speedy trial. The instant case was then assigned to this Court on June 24, 2013.

On January 23, 2014, the Victim filed a Declaration acknowledging satisfaction for injuries sustained relative to this case. The Victim also represented in her Declaration that she does not object to dismissal of this case by way of the Civil Compromise statute. Accordingly, Defendant filed the instant motion on January 27, 2014. The People filed their opposition on February 21, 2014. On February 26, 2014, the Court heard the matter.

## DISCUSSION

Defendant moves the Court to dismiss the People's Complaint pursuant to 8 GCA § 80.90(b). Defendant's motion is based on the "waiver from the victim that indicates she has received satisfaction for the injury." *Def.'s Mot. for Civil Compromise* at 2 (Jan. 27, 2014). Defendant also argues that "Guam law provides that where the victim would have a remedy by civil action, the Court has the discretion to dismiss an action that is a misdemeanor where a declaration has been filed by the victim stating satisfaction." *Id.*

The People oppose Defendant's motion. The People argue that "defendant has not shown proof of [Victim's] satisfaction." *People's Opp'n Mot.* at 3 (Feb. 21, 2014). They

further argue that "[u]ntil [they] have proof of the victim's satisfaction, and the voluntariness of the settlement, allowing civil compromise would be contrary to public policy and legislative intent." *Id.*

Misdemeanors may be compromised in accordance with Guam law. Guam's Criminal Procedure provides when misdemeanors may be compromised as follows:

> (a) When the defendant has been charged with the commission of an offense which is not a felony for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided by the Section.

> (b) If the person injured appears before, or files his declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that he has received satisfaction for the injury, the court may, on payment of the costs incurred, order the criminal action dismissed.

> (c) A dismissal under this Section is a bar to another prosecution of the same offense.

8 GCA § 80.90

Section 80.90 is based on California Penal Code §§ 1377 and 1378. California case law is persuasive when there is no compelling reason to deviate from California's interpretation. *Zurich Ins. (Guam), Inc. v. Santos*, 2007 Guam 23 ¶ 7. As such, the legislative purpose behind allowing civil compromise of criminal misdemeanors is not to guarantee a victim maximum compensation for the injury, but to remove from criminal prosecution those offenses for which there is a civil remedy available. *People v. Stephen*, 182 Cal. App.3rd 14, 27 (1986). The rationale for this legislative purpose, as indicated in *Stephen*, is that the public interest in those cases is best served by requiring the accused to make restitution directly and immediately to the individual victim instead of subjecting the accused to criminal sanctions for the welfare of society in general. *Id.*

In *People v. Moulton*, 131 Cal.App.3d Supp. 10 (1982), the Court held that various factors may be taken into consideration by a trial judge in determining whether to dismiss a

misdemeanor criminal prosecution under a civil compromise statute. These factors include (1) whether the civil injury was coextensive with the criminal violation; (2) whether the circumstances were such that through private settlement the injury to the public was fully vindicated; and (3) whether the victim's settlement agreement was made voluntarily. *Id.* at 21-23.

In the instant case, the Defendant is charged with Criminal Mischief (as a Misdemeanor) pursuant to 9 GCA §§ 34.50(c) and 34.60(c). A person commits criminal mischief if: he intentionally damages the property of another. *See* 9 GCA § 34.50(c). The Court finds that there is a civil remedy available under Guam law. Since a civil remedy was readily available at the inception of this criminal case, it may be deduced that the civil injury was coextensive with the criminal violation.

In regards to whether the circumstances are such that through private settlement the injury to the public would be fully vindicated, the *Moulton* court held that the seriousness of the injury, as well as the circumstances of the commission of the offense, are taken into consideration in "determining whether a civil satisfaction adequately vindicates the public's interest in enforcing its criminal laws." *Id.* at 23. In the instant case, there was no allegation of physical injury to the Victim, other than damage to her personal property. The Court is satisfied with the Declaration submitted by the Victim and finds that the private settlement fully vindicates any injury to the public.

Lastly, in regards to whether the victim's settlement agreement was made voluntarily, this Court recognizes that the Victim submitted a Declaration. The Declaration states that the victim understands she has a remedy through civil action. The Court

is not in a position to second guess the Declaration, considering it was submitted under penalty of perjury. Therefore, the Court accepts that the Victim has voluntarily made his Declaration.

The Court finds that Defendant Leon Guerrero's motion provides both the legal and factual basis to approve dismissal pursuant to 8 GCA § 80.90 for the following reasons: (1) The acts constituting the offense have a remedy by civil action; (2) the injury suffered by the victim was not serious in nature and private settlement would fully vindicate any injury to the public; and (3) the victim has submitted a declaration under penalty of perjury that she has received satisfaction for the injury and would like for the Attorney General's Office to dismiss this case by way of civil compromise. There is no information provided to the Court of any costs incurred as a result of this incident. The Victim stated in her Declaration that her insurance company has paid for damages to her car. Therefore, the Court **GRANTS** Defendant Leon Guerrero's motion recognizing that the civil compromise statute as applied in the instant case serves the interests of justice, judicial economy and fairness to the parties.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **GRANTS** Defendant Leon Guerrero's Motion for Civil Compromise. The case is hereby dismissed.

**SO ORDERED** this _5_ day of MARCH, 2014.

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

FG /PDSC

Date: MAR 5 2014 Time: _____

Deputy Clerk, Superior Court of Guam

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam